UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED AUTOMOBILE WORKERS LOCAL 259 SOCIAL SECURITY DEPARTMENT<br>140 Sylvan Avenue, Suite 303<br>Englewood Cliffs, NJ 07632,<br><br>               Plaintiff,<br>    v.<br><br>SMG AUTOMOTIVE HOLDINGS LLC<br>d/b/a Brooklyn Chrysler Jeep Dodge Ram<br>2286 Flatbush Avenue<br>Brooklyn, NY 11234,<br><br>  and<br><br>ZACHARY SCHWEBEL<br>c/o SMG Automotive Holdings, LLC<br>d/b/a Brooklyn Chrysler Jeep Dodge Ram<br>2286 Flatbush Avenue<br>Brooklyn, NY 11234,<br><br>               Defendants. | CIVIL ACTION<br>No.  20-12141<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

The United Automobile Workers Local 259 Social Security Department (the "Health Fund") for its Complaint herein respectfully allege as follows:

## JURISDICTION

1. This is an action to collect delinquent contributions pursuant to §502(a)(3)(B), (d)(1), (f) and (g)(2), §515 and §4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §§1132 (a)(3)(B), (d)(1), (f) and (g)(2), §1145 and §1451(a)(1), (b) and (c), respectively, and §301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a) ("LMRA").

**VENUE**

2.     This Court is one of proper venue pursuant to ERISA §§502(e)(2) & 4301(d), 29 U.S.C. §§1132(e)(2) & 1451(d), because the Health Fund is administered in New Jersey.

**PARTIES**

3.     Plaintiff Health Fund is a joint labor-management trust fund and multiemployer employee benefit plan, with its offices located at the address set forth in the caption. The Health Fund is a multiemployer plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing health and related benefits to eligible participants. A true and correct copy of the Trust Agreement that governs the Health Fund is attached hereto as Exhibit A.

4.     Defendant SMG Automotive Holdings, LLC d/b/a Brooklyn Chrysler Jeep Dodge Ram ("Employer") is an employer in an industry affecting commerce within the meaning of Section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12).

5.     Defendant Zachary Schwebel ("Schwebel") is the owner and/or chief executive officer of the Employer.

6.     At all relevant times, Defendant Employer was a party to a collective bargaining agreement that obligated it to make certain contributions to the Health Fund. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit B.

## COUNT I
## DELINQUENT CONTRIBUTIONS
### Health Fund v. Employer

7. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 6.

8. Appendix A, Section 6 and Appendix B of the CBA require the Employer to make certain contributions on behalf of employees to the Health Fund on a monthly basis based upon whether each individual employee opts for single or family coverage. (Exhibit B, pp. 17-18, 22-23)

9. Such contributions are due no later than the 25th day of the month preceding the month of medical coverage and are charged interest if payments are delinquent. Each such payment must be accompanied by a report which documents the number of employees employed during the month and whether each employee has opted for single or family coverage. (Exhibit B, pp. 17-18)

10. Because contributions are self-reported, the Health Fund periodically audits contributing employers to assure that the correct number of employees are reported to the Fund and the correct contributions have been submitted.

11. In 2019, an auditor retained by the Health Fund to conduct a payroll audit of the reports and contributions submitted by Employer between February 5, 2017 and December 31, 2018 ("Audit Period").

12. On March 5, 2019, the auditor issued a report that concluded the Employer owed a total of $20,328.35 in principal contributions to the Health Fund. A true and correct copy of the auditor's report is attached hereto as Exhibit C.

13. By letter dated May 20, 2019, the Health Fund sent the Employer a copy of the audit report to the attention of Defendant Schwebel, requesting that the Employer state in writing any specific issues or disagreements it may have with the audit report within thirty days. A true and correct copy of the May 20, 2019 letter is attached hereto as Exhibit D.

14. On June 17, 2019, Defendant Schwebel responded to the May 20, 2019 letter by identifying certain alleged problems with the auditor's findings. A true and correct copy of the June 17, 2019 letter is attached as Exhibit E.

15. The Health Fund forwarded Defendant Schwebel's objections to the audit report to the auditor, who concluded that no changes should be made to the audit's findings on the basis of those objections.

16. By email dated November 26, 2019, the Health Fund notified the Employer that the auditor had rejected its objections to the audit and demanded immediate payment of the delinquent amounts identified by the audit. A true and correct copy of the November 16, 2019 email from the Health Fund to Employer is attached as Exhibit F.

17. Defendant Employer did not pay the delinquent amounts identified by the audit.

18. By letter dated December 12, 2019, the Health Fund, through its attorney, sent a letter to Defendant Schwebel, as representative of Defendant Employer demanding payment of the delinquency revealed by the audit, plus interest. A true and correct copy of the December 12, 2019 letter is attached hereto as Exhibit G.

19. Neither Defendant Schwebel nor any other representative of the Employer responded to the December 12, 2019 letter.

20. By letter dated January 16, 2020, the Health Fund, through its attorney, sent a second "final warning" letter to Defendant Schwebel, as representative of Defendant Employer

demanding payment of the delinquency revealed by the audit, plus interest. A true and correct copy of the January 16, 2020 letter is attached hereto as Exhibit H.

21. On January 22, 2020, Robert Milman, Esquire, attorney for the Employer, sent an email to the Health Fund's counsel asking for a copy of the audit report so that he could respond to the findings. A true and correct copy of the January 22, 2020 through January 27, 2020 email exchange between Mr. Milman and the Health Fund's counsel is attached hereto as Exhibit I.

22. On January 27, 2020, the Health Fund's counsel sent Mr. Milman a copy of the audit report. (Exhibit I)

23. Mr. Milman did not respond to the January 27, 2020 letter nor did the Employer pay the liability identified in the audit report.

24. On August 4, 2020, the Health Fund's counsel sent another email to Mr. Milman, advising him that unless the Health Fund receives immediate payment, it would have to prepare a lawsuit. A true and correct copy of the August 4, 2020 email is attached as Exhibit J.

25. Mr. Milman did not respond to the August 4, 2020 email.

26. To date, Defendant Employer has not paid any part of the liability identified by the audit.

27. In addition to principal contributions, Defendant Employer owes interest, liquidated damages, attorneys' fees and costs pursuant to ERISA, 29 U.S.C. §1132(g)(2)(B), (C), and (D).

WHEREFORE, plaintiffs ask that this Court enter judgment in favor of the Plaintiff Health Fund and against Defendant Employer for:

    (a) $20,328.35 in principal contributions due for the audit period of February 5, 2017 through December 31, 2018, pursuant to the CBA and 29 US.C. §1132(g)(1);

(b) Interest on the amount set forth in (a) calculated at a rate of six percent (6%) per annum from the date each delinquent amount became due, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

(c) Liquidated damages equal to the greater of: (i) $4,065.67 (twenty percent (20%) of the total delinquent principal awarded above in (a)), or (ii) an amount equal to the interest awarded above in (b), pursuant to 29 U.S.C. §1132(g)(2)(C);

(d) Attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(D), in an amount to be determined by the court upon subsequent application by the Plaintiff; and

(e) any other further relief the court finds just and proper.

## COUNT II
## DELINQUENT CONTRIBUTIONS
### Health Fund v. Schwebel

28. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27.

29. Article II, Section 3 of the Health Fund's Trust Agreement states as follows:

> All contributions required from an Employer in respect to each payroll period shall after their due date and until their payment over in full by the Employer to the Trustees be deemed to constitute a trust fund in the possession of such Employer, and said Employer shall be responsible and liable therefor to the Social Security Department as a fiduciary.

(Exhibit A, p. 6)

30. Throughout the audit period, Defendant Schwebel was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the Health Fund. In that capacity, Defendant Schwebel exercised control over the disposition of monies that became plan assets immediately upon each monthly contribution due date.

31. Defendant Schwebel individually maintained both formal and practical authority to direct that proper contributions be paid to the Health Fund at all times relevant hereto.

32. Defendant Schwebel exercised authority and control over the management and disposition of the Health Fund's assets.

33. As a result of exercising control and management over the Health Fund's assets, Defendant Schwebel is a fiduciary under ERISA.

34. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries… for the exclusive purpose of… providing benefits to [them]." 29 U.S.C. §1104(a)(1).

35. A fiduciary who uses plan assets to satisfy other personal or business obligations breaches his/her fiduciary duty under ERISA.

36. Because Defendant Schwebel willfully and intentionally used the Health Fund's plan assets contained within his personal accounts and the accounts of Defendant Employer for purposes other than the exclusive purpose of providing benefits to the Health Fund's participants and beneficiaries, Schwebel breached his fiduciary duty to the Health Fund.

37. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets by the plan fiduciary[.]" 29 U.S.C. §1109(a).

38. Defendant Schwebel is jointly and severally liable with Defendant Employer for the delinquent amounts claimed in this Count I of this Complaint.

WHEREFORE, plaintiffs ask that the Court:

(1)     Declare that Defendant Schwebel is a fiduciary of the Health Fund by virtue of his exercise of control of plan assets and that he be found in breach of his fiduciary duty;

(2)     Enter judgment in favor of the Health Fund and against Defendant Schwebel, jointly and severally with the Employer, for the amounts found to be due in Count I of this Complaint.

                          CLEARY, JOSEM & TRIGIANI, LLP

                          BY:   /s/ Jeremy E. Meyer
                                   JOSEPH T. CLEARY, ESQUIRE
                                   JEREMY E. MEYER, ESQUIRE
                                   Constitution Place
                                   325 Chestnut Street, Suite 200
                                   Philadelphia, PA 19106
                                   (215) 735-9099

Date:   September 1, 2020